WILLIAM S. WARNER, Plaintiff in Error,

*vs.*

JOHN H. HART, Defendant in Error.

ERROR TO THE OUTAGAMIE CIRCUIT COURT.

A justice's judgment will not be reversed for his refusal to permit a question to be put to a witness which is wholly immaterial to the issue.

*Semble,* That sec. 8, Ch. 88, R. S., providing that a justice of the peace rendering a judgment shall enter in his docket the amount of " fees due to each person separately," is directory merely; and a neglect on the part of the justice to do so, would not be a sufficient cause for a reversal of the judgment.

The plaintiff in error brought an action against the defendant in error before a justice of the peace, for goods and merchandize, as per bill of particulars, to which the defendant pleaded the general issue and filed his bill of set off. On coming to trial the defendant admitted the correctness of the plaintiff's account and offered evidence in support of his set off, in which was included an item for turning twenty-four table legs at fifty cents each. After the defendant had closed, the plaintiff by way of rebutting testimony called one Bowen, who testified that he had agreed to turn the table legs at one shilling each; that he had been in the turning business eighteen or twenty years; that it took four sticks to make the twenty-four legs; that he could turn the legs in one day, and that it was worth six cents to saw them off.

On cross-examination, the defendant asked the witness what it was worth to carry the legs into the shop ; to which question the plaintiff objected, and the objection was sustained by the court, and the defendant excepted.

The case was tried to a jury, who found for the plaintiff the sum of $4.28, for which sum judgment was rendered by the

justice against the defendant by a short entry in his docket, as follows:

"Judgment and costs taxed as follows:

"Damages, - - - - - - - - - - - - - - $4.28
"Justice's fees, - - - - - - - - - - - - - 5.67
"Witnesses, - - - - - - - - - - - - - - 4.28
"Const., - - - - - - - - - - - - - - - 2.49
"Jurors, - - - - - - - - - - - - - - - 2.50
"Plaintiff's fees for subpœnaing witnesses, - - 1.75

The cause was removed to the circuit court by writ of *certiorari*, and the circuit court reversed the justice's judgment; to reverse which judgment of the circuit court this writ of error was brought.

*Geo. H. Myers*, for plaintiff in error.

*R. P. Eaton*, for defendant in error.

*By the Court*, WHITON, C. J.—We shall not discuss the question which has been argued by the counsel for the plaintiff in error, relating to the jurisdiction of the circuit court, because we are of opinion that the judgment of that court must be reversed on other grounds. The errors which were alleged to have been committed by the justice, were his refusal to permit a question to be put to the witness, Bowen, and his neglect properly to enter the judgment in his docket.

It appears by the return of the justice to the writ of *certiorari*, that the account of the plaintiff was admitted by the defendant to be correct; and that the only contest was in relation to the defendant's offsets. It further appears that the defendant had in his account charged the plaintiff $12.00 for turning twenty-four table legs.

It further appears that the plaintiff called as a witness, one D H. Bowen, who testified that he had agreed to turn the table-legs for the plaintiff for one shilling each, but could not

do it as he was obliged to go away; that he could turn the twenty-four legs in one day, and that it was worth six cents each to saw them off. On the cross examination of the witness, it appears that the defendant asked him what it was worth to carry them into his shop: meaning, as we suppose, the table-legs or the sticks out of which they were made. This question was objected to by the plaintiff, and the objection sustained. We think the decision of the justice correct. The question was entirely immaterial. The defendant had not shown that he had carried the table-legs or the timber out of which they were made, into the shop, and had not charged any thing for it in his bill of particulars of offsets. He was not entitled therefore to give evidence of the value of such labor.

The objection that the justice did not enter the judgment properly in his docket, merits more consideration. It appears that the entry of the judgment in the docket is as follows:

| | |
|---|---|
| Damages | $4,28 |
| Justice's fees | 5,67 |
| Witness' " | 4,28 |
| Const. " | 2,49 |
| Juror's " | 2,50 |
| Plff's. fees for subpœnaing witnesses, | 1,75 |

The revised statutes provide that the justice shall enter in his docket, among other things, "the judgment rendered by "the justice, and the time of rendering the same; and the "amount of the debt, damages, costs and fees due to each "person separately." (R. S. Chap. 88, § 11.) We cannot see as the statute has been violated. The judgment for the damages seems to be properly entered, and it does not appear that fees are due to the witness or jurors. The object of the statute probably is, to preserve evidence of the claim of witnesses and others who may be entitled to fees. Hence the use of the word " due," which is found in the statute. The fees of the jurors must have been advanced, and the fees of the witnesses also, if they were demanded.

But if this were not so, we do not suppose that the omis-

Warner vs. Hart.

sion to enter in the docket the sum which each witness was entitled to receive, would have the effect to reverse the judgment. As it could not in any way affect the rights of the litigants, we should feel compelled to hold this provision of the statute directory merely.

Upon the whole we must reverse the judgment of the circuit court, and affirm that of the justice.